DEBRA W. YANG
United States Attorney
JOHN S. GORDON
Assistant United States Attorney
Chief, Criminal Division
DANIEL N. SHALLMAN
Assistant United States Attorney
(Cal. State Bar # 180782)
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-5862
    Facsimile: .(213) 894-6436

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2002 JUN -7 AM 11:12

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,   ) No. CR 97-653-TJH
                     )
       Plaintiff,    ) <u>PLEA AGREEMENT FOR DEFENDANT ANA</u>
                   ) <u>AGULAR MATA</u>
        v.        )
                   )
ANA AGUILAR MATA, et al.,  )
                   )
       Defendants.   )
                   )
_____)

1.   This constitutes the plea agreement between ANA AGUILAR MATA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<u>PLEA</u>

2.   Defendant agrees to plead guilty to counts one and sixteen of the Indictment in <u>United States v. Ana Aguilar Mata, et al.</u>, No. CR 97-653-TJH.

<u>NATURE OF THE OFFENSE</u>

3.   In order for defendant to be guilty of count one, which



JUN 10 2002



charges a violation of Title 18, United States Code, Section 371, the following must be true: (1) there was an agreement between two or more persons to commit at least one crime as charged in the indictment, specifically, to obstruct the governmental functions of the Immigration and Naturalization Service or to obtain or possess immigration documents knowing that the documents had been procured by fraud; (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.  In order for defendant to be guilty of count sixteen, which charges a violation of Title 18, United States Code, Section 1546, the following must be true: (1) defendant assisted Pedro Cruz Valente in possessing or obtaining immigration documents; (2) defendant knew that the documents were procured by means of fraud or false statements. Defendant admits that defendant is, in fact, guilty of these offenses as described in counts one and sixteen of the indictment.

PENALTIES

4.   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $50.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1546 is: ten years imprisonment; a

three-year term of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $50. Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

5.    Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

<u>FACTUAL BASIS</u>

6.    Defendant and the USAO agree and stipulate to the following statement of facts:

Between 1995 and 1997, defendant operated International Immigration Service ("IIS") with her husband, Carlos Mata Galvez. The purpose of that business was to assist Mexican nationals in fraudulently obtaining immigration documents.  Defendant assisted such individuals by preparing and filing false and fraudulent applications for political asylum on their behalf.  In these applications, defendant and other coconspirators falsely claimed that the applicants were from El Salvador or Guatemala, and that

they had suffered religious or political persecution before coming to the United States. Defendant knew that the information contained in these applications was false. During the time that defendant worked for IIS, IIS created and submitted over 1000 fraudulent asylum applications. In connection with each of those applications, defendant also submitted to the Immigration and Naturalization Service ("INS") a request for an employment authorization card on behalf of the alien.

On or about September 15, 1995, defendant provided Pedro Cruz Valente, a Mexican national, with an INS employment authorization card, knowing that the card had been procured by means of fraud and false statements. Specifically, defendant knew that false applications for political asylum and for an employment authorization card had been filed with the INS on behalf of Valente. At the time defendant provided Valente with the card, defendant accepted $280 from him as final payment for the card.

## WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of counsel at trial, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)    The right to confront and cross-examine witnesses against defendant.

f)    The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

8.    Defendant understands that the Court is required to consider and apply the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") but may depart from those guidelines under some circumstances.  Defendant and the USAO agree and stipulate that the November 1996 edition of the Sentencing Guidelines applies in this case.

9.    Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

Base Offense Level  :    9    [U.S.S.G.  § 2L2.1(a)]

Specific Offense Characteristics

    Offense Involved 100 or More Fraudulent Documents  :    6    [U.S.S.G.  § 2L2.1(b)(2)(c)]

Adjustments

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Obstruction of Justice | : | 2 | [U.S.S.G. § 3C1.1] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. §3E1.1] |

The USAO will agree to a downward adjustment for acceptance of responsibility only if the conditions set forth in paragraph 12 are met. Defendant reserves the right to argue that a two-level downward adjustment for mitigating role pursuant to U.S.S.G. § 3B1.2(b) should apply. Defendant and the USAO agree that no other specific offense characteristics, adjustments or departures are appropriate and agree not to argue or suggest that any such specific offense characteristics, adjustments or departures should be imposed. Defendant understands that defendant's base offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense (or adjusted offense) level stipulated to above.

10. There is no agreement as to defendant's criminal history or criminal history category.

11. The stipulations in this agreement do not bind either the United States Probation Office or the Court. The Court will determine the facts and calculations relevant to sentencing. Both defendant and the USAO are free to: (a) supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of

the sentence, and (c) argue on appeal and collateral review that the Court's sentencing calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 9 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

12. Defendant agrees:

a) To plead guilty as set forth in this agreement.

b) To not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) To not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not to commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) To not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) To pay the applicable special assessment[s] at or before the time of sentencing unless defendant lacks the ability to pay.

THE USAO'S OBLIGATIONS

13. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the

7

remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, and the propriety and extent of any departure from that range.

c)    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and an additional one-level reduction if available under that section.

<u>BREACH OF AGREEMENT</u>

14.    If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.    If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty pleas, and the USAO will be relieved of all of its obligations under this agreement.

15.    Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge or any civil or administrative action that was either dismissed or not filed as a result of this agreement, then:

a)    Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of

8

this agreement and the USAO's discovery of any knowing and willful breach by defendant.

b)    Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

16.    Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court does not depart upward in offense level or criminal history category, and (c) the Court determines that the total offense level is 14 or below and imposes a sentence within the range corresponding to the determined total offense level. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category.

17.    The USAO gives up its right to appeal the Court's Sentencing Guidelines calculations, provided that (a) the Court does not depart downward in offense level or criminal history category and (b) the Court determines that the total offense

level is 14 or above.

## SCOPE OF AGREEMENT

18. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

19. This agreement applies only to crimes committed by defendant, has no effect on any proceedings, including forfeiture proceedings, against defendant not expressly mentioned herein, and shall not preclude any past, present, or future forfeiture actions.

## NO ADDITIONAL AGREEMENTS

20. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

DEBRA W. YANG
United States Attorney

_____                    5|30|02
DANIEL N. SHALLMAN                              Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____                    06/04/02
ANA AGUILAR MATA                               Date
Defendant

I am ANA AGUILAR MATA's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.  To my knowledge,

my client's decision to enter into this agreement is an informed and voluntary one.

RICHARD BITTERS, ESQ.
Counsel for Defendant
ANA AGUILAR MATA

6/4/02
Date

## CERTIFICATE OF SERVICE

I, **TINA L. GRAY,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT ANA AGUILAR MATA**

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**Richard Bitters, Esq.**
**3844 East Foothill Blvd.**
**Second Floor**
**Pasadena, CA 91107-2205**

This Certificate is executed on **June 7, 2002,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
TINA L. GRAY